UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

WESTERN SECTION
CIVIL ACTION NO.

2005 JAN 12  P 12: 20

U.S. DISTRICT COURT
DISTRICT OF MASS.

05-30008-MAP

| | |
|---|---|
| DOUGLAS ALBERT,<br>      Plaintiff<br><br>v.<br><br>MICHAEL THOMAS, Individually<br>and in his Official Capacity as a<br>Police Officer for the City of<br>Chicopee Police Department,<br><br>JOSEPH BRUNELLE, Individually<br>and in his Official Capacity as a<br>Police Officer for the City of<br>Chicopee Police Department<br><br>THE CITY OF CHICOPEE<br>a Municipal Corporation duly<br>established under the laws of the<br>Commonwealth of Massachusetts,<br>      Defendants | **COMPLAINT**<br>**and**<br>**DEMAND FOR A JURY TRIAL** |

**I.   JURISDICTION**

1.   This is an action under the Federal Civil Rights Act, 42 U.S.C. Sections 1983 and 1988. The Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 2343. The plaintiff further invokes the pendent jurisdiction of this Court to consider the claims arising under state law sounding in tort, the Massachusetts Tort Claim Act, M.G.L. Chapter 258, Section 4, and the Declaration of Rights of the Massachusetts Constitution.

1

2. There exists between the parties an actual controversy justiciable in nature.

## II. **PARTIES**

3. The plaintiff, Douglas Albert, at all times relevant to the allegations of this Complaint, was a resident of Hampden County, in the Commonwealth of Massachusetts, and now resides at 1 Brook Street, Ludlow, Massachusetts.

4. The defendant, Michael Thomas, has at all times relevant to the allegations of this Complaint been a police officer, acting under color of law as an agent/employee for the City of Chicopee Police Department, Hampden County, in the Commonwealth of Massachusetts.

5. The defendant, Joseph Brunelle, has at all times relevant to the allegations of this Complaint been a police officer, acting under color of law as an agent/employee for the City of Chicopee Police Department, Hampden County, in the Commonwealth of Massachusetts.

6. The defendant, City of Chicopee, has at all times relevant to the allegations of this Complaint been a Municipal Corporation duly established under the laws of the Commonwealth of Massachusetts. The City of Chicopee, through its officers, employees and/or agents, was at all times responsible for the practices, customs and policies of the City of Chicopee Police Department and all of its individual members including adequate training, supervising, investigating and disciplining of police supervisory officials and police officers.

## III. STATEMENT OF FACTS

7. On or about May 3, 2004 plaintiff Douglas Albert was apprehended by members of the Chicopee Police Department on charges of Operating Recklessly As to Endanger, Failing to Stop for a Police Officer and Carrying a Dangerous Weapon (brass knuckles).

8. In the course of apprehending Douglas Albert, Mr. Albert was instructed to exit the vehicle and lie face down on the ground.

9. While Mr. Albert was lying on the ground, Officer Michael Thomas, in the presence of Officer Joseph Brunelle, violently stomped and/or kicked Douglas Albert.

10. As a direct result of being stomped and/or kicked, Mr. Albert suffered a fractured nose, contusions to his face, contusions to his left shoulder, and aggravation of a herniated cervical disc.

11. As a direct result of the acts and conduct of the defendant, Mr. Albert suffered serious bodily injury, severe emotional distress, loss of earnings, permanent injuries, medical expenses, and a violation of his civil rights.

12. On information and belief, the defendant police officers attended the police academy and received initial training in the laws of constitutional rights of citizens. They knew or should have known that they violated the constitutional and statutory rights of the plaintiff.

13. On information and belief, defendant City of Chicopee through its officers and/or agents, failed to adequately train, investigate, supervise, and discipline the police officers employed by the City of Chicopee.

14. On information and belief, defendant City of Chicopee, through its officers and/or

agents, failed to adequately train the police officers employed by the Chicopee Police Department subsequent to initial police academy training regarding the constitutional rights of citizens and civil liability of police officers.

15. The acts of the defendant police officers and other policy makers of the City of Chicopee are grossly negligent, amounting to deliberate indifference to the rights of citizens who the police come into contact with, or negligence at the very least.

16. On June 3, 2004, plaintiff, through Counsel, sent a Notice/Demand letter pursuant to M.G.L. Chapter 258 to the appropriate City of Chicopee official. More than six months has passed since the receipt of this notice. The appropriate City of Chicopee officials have failed to reply to said Notice/Demand.

## IV. CAUSES OF ACTION

### COUNT I: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### 42 U.S.C. SECTIONS 1983 AND 1985

17. The plaintiff hereby incorporates by reference the allegations of Paragraph 1 through 16 of this Complaint as though fully set forth herein.

18. Defendants Michael Thomas and Joseph Brunelle, separately, in concert and in agreement with each other conspired to violate the plaintiff's rights under the United States Constitution and did violate said rights as a direct and proximate result of their malicious, wanton and willful acts.

19. The plaintiff is thereby entitled to damages and relief pursuant to 42 U.S.C. Sections 1983 and 1988.

## COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21. The aforesaid acts and conduct of the defendants Michael Thomas and Joseph Brunelle were extreme and outrageous and served no legitimate purpose.

22. As a direct and proximate result of the acts of defendants Michael Thomas and Joseph Brunelle, the plaintiff did suffer severe emotional distress, pain and suffering, mental anguish, humiliation and embarrassment of such severity and nature that no reasonable person could or should be expected to endure, and the defendants knew or should have known that their acts would cause such emotional distress, pain and suffering, mental anguish, humiliation and embarrassment. Further said emotional distress, pain and suffering, mental anguish, humiliation and embarrassment was recklessly and/or intentionally inflicted.

## COUNT III: UNCONSTITUTIONAL POLICY OR CUSTOM/GROSS NEGLIGENCE

23. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. Defendant City of Chicopee through its officers and/or agents, and pursuant to an unconstitutional custom or policy, has failed to adequately train, supervise, investigate, control and discipline Chicopee Police Officers. This deliberate indifference has been grossly negligent, amounting to deliberate indifference to the rights of citizens.

25. With the knowledge of and under the direction of defendant City of Chicopee, the Chicopee Police Department and its individual members, acting under color of law, have engaged in a pattern of conduct which was the moving force that caused the violations of the plaintiff's constitutional and statutory rights. Defendant City of Chicopee, pursuant to an unconstitutional custom or policy, has failed to adequately hire, train, supervise, control or investigate and discipline the defendant police officers who have denied plaintiff Douglas Albert his rights as guaranteed by the United States Constitution, as well as the Massachusetts Constitution.

26. Defendant City of Chicopee has been grossly negligent and deliberately indifferent to the training of police officers. The municipal policy makers have failed to provide minimally acceptable standards of training or instruction to police officers in contemporary and up-to-date law enforcement standards, policies and procedures in a number of key areas of law governing the laws regarding constitutional rights of citizens, and civil liability of police officers.

27. The official policy, custom and/or usage of the defendant City of Chicopee, through its officers and/or agents, is unconstitutional insofar as it dictates, encourages and/or permits police officers of the Chicopee Police Department to violate the rights of citizens.

28. The official policy, custom and/or usage of the defendant City of Chicopee, through its officers and/or agents, violates the Constitution of the United States and the Commonwealth of Massachusetts and caused the violations of the constitutional rights of the plaintiff as alleged in this Complaint.

29. The plaintiff is thereby entitled to damages under the United States Constitution, 42

U.S.C., Sections 1983 and 1988, M.G.L. Chapter 12, Sections 11I, M.G.L. Chapter 258, Sections 4, and other state laws including the Massachusetts Constitution.

### COUNT IV: NEGLIGENCE/MASSACHUSETTS TORT CLAIM MASSACHUSETTS GENERAL LAW CHAPTER 258

30. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. The aforesaid acts and conduct of the defendant employees of the defendant City of Chicopee, while acting within the scope of their employment, breached the duty of reasonable care owed the plaintiff.

32. As a direct result of the aforesaid negligence, plaintiff suffered serious bodily injury, severe emotional distress, loss of earnings, permanent injuries, and medical expenses.

33. The defendant City of Chicopee is liable to the plaintiff for damages pursuant to M.G.L. Chapter 258, Section 4.

### COUNT V - VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. c12, SECTIONS 11I, ET SEQ.

34. The plaintiff realleges paragraphs 1 through 33 and incorporates them by reference herein.

35. The aforesaid act and conduct of the defendants interfered with, threatened, coerced and intimidated the plaintiff, or attempted to interfere with, threaten, coerce and intimidate the plaintiff in the exercise and enjoyment of the rights guaranteed

him under the constitution and laws of the United States of America and the Commonwealth of Massachusetts.

36. The plaintiff was aggrieved by the conduct of the defendants, which constituted a substantial and significant impairment of his civil rights as described in the preceding paragraphs and as defined under the constitution and laws of the Commonwealth of Massachusetts and the United States.

37. As a direct and proximate result of the defendants actions, the plaintiff suffered a violation of his civil rights, serious bodily injury, severe emotional distress, loss of earnings, permanent injuries and medical expenses.

### COUNT VI - ASSAULT AND BATTERY

38. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. The aforesaid actions and conduct of the defendants Michael Thomas and Joseph Brunelle constituted an assault and battery under the common law of the Commonwealth of Massachusetts.

40. As a direct result of the assault and battery upon plaintiff by the aforesaid defendants, he sustained serious bodily injury, severe emotional distress, loss of earnings, permanent injuries and medical expenses.

**WHEREFORE**, plaintiff Douglas Albert prays that this Court enter judgment on his behalf and:

1. Award appropriate compensatory damages to plaintiff Douglas Albert from the defendants jointly and severally in an amount to be determined by the court;

2. Award punitive damages to plaintiff Douglas Albert from defendants Michael Thomas and Joseph Brunelle in an amount to be determined by the court;

3. Award the plaintiff interest, costs and attorney's fees; and

4. Award such relief as this Court deems just, equitable and appropriate.

The plaintiff hereby demands a jury trial.

_____
Robert H. Astor, Esquire
Attorney for Plaintiff
1145 Main Street - Suite 403
Springfield, MA 01103
(413) 781-1144
(413) 737-0377  FAX
B.B.O. 023120