UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOUGLAS ALBERT, )
   Plaintiff )
  )
v. ) C.A. No. 05-30008-MAP
  )
MICHAEL THOMAS, et al )
   Defendants )
  )

## ANSWER OF DEFENDANT MICHAEL THOMAS TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

### JURISDICTION

1. The "jurisdiction" section of the complaint is a preface to the allegations set forth therein, not requiring a response by the defendant. To the extent a response is required, the allegations set forth therein against the defendant are denied.

2. The "jurisdiction" section of the complaint is a preface to the allegations set forth therein, not requiring a response by the defendant. To the extent a response is required, the allegations set forth therein against the defendant are denied.

### PARTIES

3. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph three of the complaint.

4. The defendant admits the allegations in paragraph four of the complaint.

5. The defendant admits the allegations in paragraph five of the complaint.

6. The defendant admits the City of Chicopee is a duly established municipality but is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph six of the complaint.

## STATEMENT OF FACTS

7. The defendant admits the allegations in paragraph seven of the complaint.

8. The defendant admits the allegations in paragraph eight of the complaint.

9. The defendant denies the allegations in paragraph nine of the complaint.

10. The defendant denies the allegations in paragraph ten of the complaint.

11. The defendant denies the allegations in paragraph eleven of the complaint.

12. The defendant admits he attended the police academy and received training concerning constitutional issues but denies the remaining allegations in paragraph twelve of the complaint.

13. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph thirteen of the complaint.

14. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph fourteen of the complaint.

15. The defendant denies the allegations in paragraph fifteen of the complaint.

16. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph sixteen of the complaint.

## CAUSES OF ACTION

### COUNT I: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### 42 U.S.C. SECTION 1983 AND 1985

17. The defendant repeats his answers to paragraphs one through sixteen as if fully set forth herein.

18. The defendant denies the allegations in paragraph eighteen of the complaint.

19. The defendant denies the allegations in paragraph nineteen of the complaint.

## COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. The defendant repeats his answers to paragraphs one through nineteen as if fully set forth herein.

21. The defendant denies the allegations in paragraph twenty-one of the complaint.

22. The defendant denies the allegations in paragraph twenty-two of the complaint.

## COUNT III: UNCONSTITUTIONAL POLICY OR CUSTOM/GROSS NEGLIGENCE

23. The defendant repeats his answers to paragraphs one through twenty-two as if fully set forth herein.

24. The defendant denies the allegations in paragraph twenty-four of the complaint.

25. The defendant denies the allegations in paragraph twenty-five of the complaint.

26. The defendant denies the allegations in paragraph twenty-six of the complaint.

27. The defendant denies the allegations in paragraph twenty-seven of the complaint.

28. The defendant denies the allegations in paragraph twenty-eight of the complaint..

29. The defendant denies the allegations in paragraph twenty-nine of the complaint.

## COUNT IV: NEGLIGENCE/MASSACHUSETTS TORT CLAIM MASSACHUSETTS GENERAL LAW CHAPTER 258

30. The defendant repeats his answers to paragraphs one through twenty-nine as if fully set forth herein.

31. The defendant denies the allegations in paragraph thirty-one of the complaint.

32. The defendant denies the allegations in paragraph thirty-two of the complaint.

33. The defendant denies the allegations in paragraph thirty-three of the complaint.

## COUNT V: VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT
## M.G.L. c12, SECTIONS 11I, ET SEQ.

34. The defendant repeats his answers to paragraphs one through thirty-three as if fully set forth herein.

35. The defendant denies the allegations in paragraph thirty-five of the complaint.

36. The defendant denies the allegations in paragraph thirty-six of the complaint.

37. The defendant denies the allegations in paragraph thirty-seven of the complaint.

## COUNT VI: ASSAULT AND BATTERY

38. The defendant repeats his answers to paragraphs one through thirty-seven as if fully set forth herein.

39. The defendant denies the allegations in paragraph thirty-nine of the complaint.

40. The defendant denies the allegations in paragraph forty of the complaint.

### First Affirmative Defense

The plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The plaintiff has failed to commence this action within the appropriate statute of limitations.

### Third Affirmative Defense

The defendant's actions were justified.

### Fourth Affirmative Defense

The plaintiff is barred from recovery by collateral estoppel.

### Fifth Affirmative Defense

The defendant acted out of necessity.

### Sixth Affirmative Defense

The defendant acted in good faith and with probable cause.

### Seventh Affirmative Defense

The defendant has qualified immunity.

### Eighth Affirmative Defense

The defendant is immune from suit.

### Ninth Affirmative Defense

The defendant acted within the scope of his employment and is thus immune from suit.

### Tenth Affirmative Defense

The defendant acted in good faith reliance on legislative or statutory authority.

### Eleventh Affirmative Defense

The defendant's actions were privileged.

### Twelfth Affirmative Defense

The defendant's actions were protected by qualified privilege.

**WHEREFORE** the defendant request this Honorable Court to enter judgment in his favor and award him his costs.

### THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,
MICHAEL THOMAS
By His Attorney

*William J. O'Grady*
WILLIAM J. O'GRADY, ESQ.
Associate City Solicitor
Chicopee Law Department
17 Springfield Street
Chicopee, MA 01013
Ph: (413)594-4711
BBO#  377875

Dated: February 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the above document by mailing first-class, postage pre-paid, to the parties of record, on this 7rd day of February, 2005.

*William J. O'Grady*
WILLIAM J. O'GRADY, ESQ.