```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS
```

DOUGLAS ALBERT,                )
        Plaintiff              )
                               )
        v.                     ) CIVIL ACTION NO. 05-30008-MAP
                               )
CITY OF CHICOPEE, ET AL,       )
        Defendants             )

## ORDER RE: DEFENDANTS' EXPERT

June 15, 2006

PONSOR, D.J.

At the final pretrial conference on June 13, 2006, the court addressed the issue of Defendants' expert and may, by acting hastily, have further confused an already somewhat confusing issue.

The background of the matter is as follows. On February 7, 2006, Chief Magistrate Judge Neiman granted Defendants' motion to amend the scheduling order and ordered that Defendants' expert report be provided by February 17, 2006, with no further extensions. On February 23, 2006, Plaintiff filed a motion to strike the expert witness, on the ground that Defendants had failed to comply with the court's order. On March 10, 2006, I allowed this motion, noting that no opposition had been filed. On March 15, 2006, Defendants filed a motion to vacate the order on the motion to strike, explaining that, due to the press of other matters, the filing

of an opposition had been overlooked.  On April 6, 2006, the court allowed the motion to vacate and referred the motion to Chief Magistrate Judge Neiman for ruling.

The court assumed, at the June 13, 2006 conference, that this was how matters stood.  In making this assumption, the court was ignorant of the fact that, following the referral, Magistrate Judge Neiman had in fact issued an electronic order on April 24, 2006, denying Plaintiff's motion to strike the expert witness, indicating that Defendants had "adequately explained the delay in producing an expert report."  He added, however, "that should Plaintiff wish to take said expert's deposition, the stenographic costs thereof shall be borne by Defendants."  At the final pretrial conference on June 13, 2006, the court, as noted, was unaware of this ruling.  Apparently, both Plaintiff's and Defendants' counsel were also unaware of the ruling.  In any event, the ruling was never explicitly mentioned.

In discussing what the court assumed was the pending motion to strike Defendants' expert, the court offered its opinion that, in any event, the court would not be inclined to permit the expert proposed by Defendants to testify.  Given that Chief Magistrate Judge Neiman had already denied the motion to strike, electronically, the court's speculation was

unfair to Defendants.[1]

To resolve the confusion described above, the court orders as follows:

1. If Defendants wish to prepare to offer expert testimony, they will provide Plaintiff with a full report as required by Fed. R. Civ. P. 26(a)(2), no later than June 30, 2006.

2. Plaintiff may take the deposition of Defendants' expert no later than July 31, 2006 with the stenographic costs thereof (including the cost of any transcript) to be borne by Defendants.

3. After taking Defendants' expert's deposition, Plaintiff will be free to file a motion to bar the testimony of Defendants' expert, on the ground that his testimony will not assist the jury. As the court indicated at the conclusion of the final pretrial conference, the court has rarely, if ever, permitted the testimony of an expert in a police misconduct case, where the expert is providing testimony with regard to proper police procedures. The jury is in the best position, ordinarily, to weigh the reasonableness of police conduct, applying the instructions of the court. In light of this, Defendants may want to reconsider whether they want to go to the expense of retaining the expert. They may do so if they wish, but with the understanding that the court will make a later, independent, judgment with regard to any motion filed by Plaintiff.

It is So Ordered.

/s/ Michael A. Ponsor

---

[1] If, as appears possible, counsel were unaware of Judge Neiman's electronic order of April 24, 2006, and especially in light of the fact that counsel indicated that they never received the court's final pretrial order, counsel may wish to contact the court to make sure that electronic communications between the clerk's office and counsel are proceeding smoothly.

MICHAEL A. PONSOR
United States District Judge